[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO STRIKE
The issue presented is whether to grant the defendants' motion to strike the second count of the plaintiff's revised complaint for failure to state a claim upon which relief can be granted. The court granted that motion to strike and the plaintiff filed a motion for articulation which is hereby granted.
On December 4, 1992, the plaintiff, Robert J. Engelman, executor of the estate of Ella B. Ryder, filed a revised two count complaint against the defendants Ryder Mobile Homes, Inc. (hereinafter "Ryder") and Philip G. Zink (hereinafter "Zink"). The first count of the complaint is brought pursuant to General Statutes 52-77,[1] and the second count is brought pursuant to General Statutes 52-404(b).
The complaint alleges that the plaintiff is a 75% owner and Zink is a 25% owner of certain real property located in Milford, which is held by the plaintiff and Zink as tenants in common. According to the complaint, prior to July 2, 1990, the defendant Ryder, of which Zink is president and 98% owner, entered into possession of the real property and continues to this day to use and occupy the premises as a mobile home park. The plaintiff alleges that the reasonable value of Ryder's use and occupancy of CT Page 4294 the premises as a mobile home park, with the plaintiff's permission, is $500,000 per annum, which Ryder refuses to pay despite the plaintiff's demand. The plaintiff further alleges, pursuant to General Statutes 52-404(b), that Zink has received benefit of the property in greater proportion than the amount of his interest in the property. Therefore, the plaintiff alleges that Zink is liable to him for the use and occupancy of the property in excess of his proportional interest in the property.
On December 14, 1992, the defendants filed a motion to strike the second count of the complaint for failure to state a claim upon which relief can be granted. As required by Practice Book 155, the defendants have filed a memorandum of law in support of their motion, and the plaintiff has filed a memorandum in opposition.
A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152; Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). The motion to strike admits all facts well pleaded but it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Id.
General Statutes 52-404(b) provides:
 (b) When two or more persons hold property as joint tenants, tenants in common or coparceners, if one of them occupies, receives, uses or takes benefit of the property in greater proportion than the amount of his interest in the property, any other party and his executors or administrators may bring an action for an accounting or for use and occupation against such person and recover such sum or value as is in excess of his proportion.
According to the defendant, although the plaintiff has alleged that he and Zink own the subject property as tenants in common, the only defendant claimed by the plaintiff to use or occupy the property is Ryder. The defendants argue that52-404(b) is limited to situations, unlike the present, in which the party in possession is a co-tenant.[2] The defendants further argue that count two is an attempt to bypass the long-established principles of Connecticut law favoring the integrity and separate identity of duly formed corporate entities. The plaintiff argues CT Page 4295 in response that by its express terms, 52-404(b) applies not only to co-owners who occupy the property, but also to those who receive or take benefit from the property. Therefore, the plaintiff argues that he should be given the opportunity to prove that Zink has received or taken benefit from the property in greater proportion than the amount of his interest.
In Hill v. Jones, 118 Conn. 12, 170 A. 154 (1934), the plaintiff owned certain property in common with the defendant Jones. Jones was the owner of a certain company which leased a portion of the property. The plaintiff instituted an action for an accounting against the defendant, and the court was faced with the issue of whether the defendant, as owner of the company, was liable to account to his co-owner of the real estate for rentals actually received by him or the "reasonable" rental of $300 per month. The court first held that the action should be treated "as one for recovery of rents actually received by Jones under an implied agreement that he should manage the property and collect the rentals not less than the rates which were being paid when the agreement went into effect." Id., 17. The court then stated:
 Under the first assignment the appellants contend that, this being a suit in equity, we must look through the corporate organization to determine the real interest of the parties involved. This is a sufficient general statement of an established principle in equity, applicable in certain cases, as, for example, where the corporation is `a mere sham or device to accomplish some ulterior purpose or is a mere instrumentality or agent of another corporation or individual, owning all or most of its stock.' In cases of that character, equity looks through the corporation to those who compose it. . . . To do so, however, in the absence of circumstances of that nature would be to `thwart the public policy of the State instead of . . . upholding it.'
Id., 17-18.
In the present case, the plaintiff has not alleged any facts which would justify looking though the corporate defendant, CT Page 4296 Ryder, in order to hold Zink liable for use and occupation. For example, there is no allegation that Ryder is "a mere sham or a device to accomplish some ulterior purpose. . . ." Id. Nor is there an allegation that Ryder is a "mere instrumentality or agent of another corporation or individual, owning all or most of its stock." Id. Therefore, in the absence of such allegations, the plaintiff has not alleged facts which would support a cause of action against Zink under 52-404(b). Accordingly, the defendants' motion to strike is granted.
Clarine Nardi Riddle, Judge